WILLIAM BLACK, PLAINTIFF IN ERROR, V. HENRY
STEIN, OVERSEER OF ROAD DISTRICT NO. 5,
DEFENDANT IN ERROR.

Roads: ESTABLISHMENT: OPENING. Under section 31 of chapter
78 of the statutes, providing for the establishment of roads,
*Held,* That a party having due notice, under said statute, of the
establishment of a public road over his premises, and having
neglected, within the time provided, to remove his fences, the
enforcement of penalty and costs for such neglect is not an
abridgement of his rights under sections 3 and 15 of article I. of
the constitution of this state, and he is not thereby deprived of
his property without due process of law.

ERROR to the district court for Hayes county.    Tried
below before GASLIN, J.

*E. W. Metcalfe* and *J. N. Lucas,* for plaintiff in error.

*J. Byron Jennings,* for defendant in error.

COBB, J.

This cause was brought on a petition in error to review
the judgment of the district court of Hayes county against
the plaintiff in error for $72 penalty and $29.70 costs, on
the following petition :

"That on October 6, 1885, the county board of said
county established a public road which passed through and
on the following enclosed land, not planted or sowed with
crops: The N. E. ¼, Sec. 22, Tp. 5, R. 32 west; that on
November 14, 1885, C. S. Boyd, the duly appointed and
qualified overseer of said road district, through and in
which said road so established passes through and on said
land, gave the plaintiff in error herein, who was the owner
and occupant of said land, notice in writing to remove his
fence from the line of said road within sixty days; that

the plaintiff in error permitted his fence to remain on the line of said road for seventy-two days after the expiration of said sixty days' time allowed by law to remove the same."

To this complaint the defendant below appeared and answered by a general denial of all allegations, and this issue, on the testimony, was submitted to the court May 19, 1886, and judgment was rendered for the plaintiff below, as such road overseer, for the use and benefit of the school fund, the sum of $72, and costs of suit. No bill of exceptions accompanied the record, nor was any taken on the trial in the court below. It is not apparent what testimony was given to the trial court, but it is to be presumed that the weight of evidence, if not all the evidence on the issue, was with the judgment plaintiff.

The plaintiff in error assigns in his petition for causes of review:

I.   That the judgment is contrary to law.

II.   That the judgment is not sustained by the evidence.

III.   That the judgment is not sustained by sufficient evidence.

As to the first objection, section 31 of chapter 78, title *Roads*, Compiled Stat., 1887, provides that, "Whenever a public road is ordered to be established or altered, according to the provisions of this chapter, which road shall pass through or on inclosed land not planted or sowed with crops, the road overseer shall give the owner or occupant of such land sixty days' notice in writing to remove his fences. If such owner or occupant does not remove his fences within sixty days after such notice, the overseer shall cause the same to be removed and the road opened and worked ; and such owner shall forfeit the sum of one dollar for every day he shall permit his fence to remain after the expiration of said sixty days, and shall pay all necessary cost of removal, to be collected by said overseer before any justice of the peace having jurisdiction, for the use and benefit of the school fund."

The cause came up to the district court by appeal, and was submitted by agreement in writing to be tried to the court without the intervention of a jury.    It was therefore brought, as appears of record, in strict compliance with the statute, and judgment was rendered in strict conformity thereto.    The first objection is therefore overruled.

As to the second and third objections, there is nothing of record, and nothing within view of the court, upon which to predicate the want of evidence or to illustrate the want of sufficient evidence to fully sustain and justify the judgment of the court.

Counsel for plaintiff, in their brief of points for consideration, claim that the statute on which judgment was rendered is "entirely arbitrary" and in conflict with certain inalienable rights of plaintiff secured by sections 1, 3, and 15, of article I. of the Constitution of this state—that he shall not be deprived of property without due process of law, and that the penalty shall be proportioned to the offense.

It is not thought that these guarantees have been violated in this instance; but, if otherwise, sufficient evidence of the fact should have been brought to the trial court below, or made apparent in proper form to be reviewed.    The judiciary of the trial courts of this state, learned and conscientious as the judges are, has had the power and will to successfully avert the serious shocks and accidents which may have been directed against those inalienable privileges of the citizen secured by the bill of rights..

The salient features of the present statute of public roads had been in force for more than ten years prior to this suit, and had been conformed to by the public.. It provides notice to the citizen of the proposed construction, an inquest of damages to property, payment therefor, hearing and redress of a county board, and appeal thence to the district court.    None of these were denied the plaintiff, but he availed himself of all.  He was not, therefore, de-

prived of property without due process of law. He was charged with the public expense imposed by statute, of removing private property from the highway after sixty days' notice and refusal to comply with the law. He was charged with the statutory penalty of this refusal, which he voluntarily took upon himself, and therefore does not seem to have the best argument of the case or any lawful cause of complaint.

The judgment below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.